FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2004 JUN -7 P 2:36

DC
BY DEPUTY

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DR. NEIL SMITH FARMS, LTD.** | CIVIL ACTION NO. 02-971-D-M3 |
| **VERSUS** | **JUDGE JAMES J. BRADY** |
| **CHEVRON U.S.A., INC.,** <br> **PENNZOIL PETROLEUM COMPANY, and** <br> **BP AMERICA PRODUCTION COMPANY** | **MAGISTRATE DOCIA DALBY** |

## STATUS REPORT

A.     JURISDICTION

What is the basis for the jurisdiction of the Court?

**The basis of jurisdiction of the Court in this matter is diversity, as per removal granted herein.**

B.     BRIEF EXPLANATION OF THE CASE

1.     **Plaintiffs claim: Breach of contract by Defendants' failure to restore the surface of property subject to a mineral lease; tort damages for failure to restore surface of leased property, and punitive damages for reckless and wanton endangerment of the public in the handling of hazardous or toxic wastes on the property as per the alleged tort damages.**

2.     Defendants claim: This is a property damage case. Plaintiffs claim damage to property based on alleged environmental contamination



DLD

arising from mineral exploration and production operations. The source of alleged contamination is a single, formerly productive well location - the Albritton No. 1 well - in Judge Digby oilfield in Pointe Coupee Parish, which was operated at different times by three defendant companies (or their predecessors) and was plugged and abandoned in January 2002.

Defendant BP Amoco contends that the mineral lease (upon which the contract claim is based) expressly requires pre-suit notice and an opportunity for BP Amoco to address Plaintiffs' concerns as a condition precedent to filing suit. BP has filed a motion to either stay or dismiss in order for the contractual notice clause to be implemented. Alternatively, this action should be stayed and the matter referred to the Department of Conservation, Louisiana Department of Natural Resources, to determine whether and to what extent environmental remediation should be performed at this former mineral producing site, under the doctrine of primary jurisdiction.

Defendants Chevron and Devon have plead several other defenses and objections along the same lines as BP Amoco. Additionally, Chevron and Devon object to Plaintiffs right of action to the extent Plaintiffs were not parties to the lease agreement during the time Devon and Chevron operated. Plaintiffs also have no claim against Chevron and Devon because Plaintiffs acquired their interest after the lease was acquired by BP Amoco. In that same vein,

>   Plaintiffs are unable to sue in tort for alleged damages incurred prior to their ownership of the property.

C.  **PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

>   There is pending before the Court a Motion by BP Amoco to Dismiss Pursuant to Rule 12(b)(6) and Alternative Motion to Stay. Defendants contend that the oil, gas, and mineral lease at issue in this action, which is attached to and referenced in the Complaint, expressly requires pre-suit notice and an opportunity for the mineral lessees to address landowner complaints before any lawsuit may be filed. Plaintiffs failed to afford pre-suit notice. As such, this lawsuit is premature, should be dismissed, and Plaintiffs should be ordered to comply with the contractual and legal notice provisions before instituting any further court proceedings.
>
>   Alternatively, or in conjunction with dismissal based on prematurity, the Motion requests that the Court refer this matter, which is in the early stages of discovery, to the Department of Conservation, Louisiana Department of Natural Resources, to determine whether and to what extent environmental remediation should be conducted at the subject site, under the doctrine of primary jurisdiction.

D.  **ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

1. **Whether Plaintiffs were required to give Defendants written notice and an opportunity to address landowner complaints before filing suit?**
2. **Whether the Court should refer Plaintiffs' claims to the Office of Conservation, Department of Natural Resources, to determine whether and to what extent remediation of the property is necessary?**
3. **Whether Plaintiffs have any claim in property law, contract or tort against Defendants?**
4. **Whether Plaintiffs' claims have prescribed in whole or in part?**
5. **Whether Plaintiffs are entitled to recover punitive damages under repealed La. Civ. Code. Article 2315.3?**
6. **Whether Plaintiffs sole remedy is specific performance?**
7. **Whether Plaintiffs are entitled to injunctive relief?**
8. **Whether Plaintiffs have any claim for damages in excess of the property's value?**

**All issues are in dispute.**

E. DAMAGES

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. **Plaintiff's calculation of damages: $1,068,509.00, plus interest, plus undetermined diminution in property value, punitive damages, and general damages:**

2. **Defendant's calculation of offset and/or plaintiff's damages:**

   **Damages if any, are not subject to calculation without additional site-specific discovery and possible additional site testing to determine the extent of alleged surface restoration needed.**

F. SERVICE:

Identify any unresolved issues as to waiver of service or service of process, personal jurisdiction, or venue:

**None.**

G. DISCOVERY

1. Have the initial disclosures required under FRCP 26(a) been completed?

   [ ] YES    [ / ] NO

   A. Do any parties object to initial disclosures?

   [ ] YES    [ / ] NO

   For any party who answered *yes*, please explain your reasons for objecting:

   B. Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures:

   **N/A**

2. Briefly describe any discovery that has been completed or is in progress:

   **By Plaintiff(s): Interrogatories and requests for production propounded by the Plaintiff.    By agreement of the parties, the Court entered an order which deferred response to Plaintiff's discovery until 30 days after the scheduling conference.**

-5-

       **By Defendant(s): None as yet.**

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example, are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

    **None at this time.**

4. Discovery from experts:

    Identify the subject matter(s) as to which expert testimony will be offered:

    **By Plaintiff(s):**

    1) **Extent and nature of the contamination;**

    2) **Need to remediate;**

    3) **Cost to restore property to its original pre-lease conditions;**

    4) **Industry knowledge and practices regarding use of pits;**

    5) **Diminution in property value;**

    6) **Plaintiff reserves the right to identify other experts to address other issues that may arise.**

    **By Defendant(s):**

    1) **Nature and extent of contamination at the site attributable to Defendants operations, if any;**

    2) **Necessity and evaluation of any proposed remedial alternatives;**

    3) **Testimony bearing upon property's value;**

    4) **Extent of restoration of lease surface needed and cost thereof;**

    5) **Applicable cleanup standards;**

    6) **Customs and historical standards and practices in industry;**

    7)     **Economic testimony as to nature, value, and extent of loss;**

    8)     **Scientific testimony as to nature and extent of risk associated with any contaminants at site.**

    9)     **Title and/or land expert;**

    10)     **Other expert testimony that may be necessary to meet expert testimony and issues presented by Plaintiffs.**

H.     PROPOSED SCHEDULING ORDER

1. Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross claims:

   **Plaintiff: July 1, 2004**    **Defendant: June 17, 2004**

2. Recommended deadlines for completion of fact discovery:

   A. Exchanging initial disclosures required by FRCP 26(a)(1):

   **Plaintiff: July 1, 2004**    **Defendant: August 13, 2004**

   B. Filing all discovery motions and completing all discovery except experts:

   **Plaintiff: October 31, 2004**    **Defendant: January 28, 2005.**

3. Disclosure of identities and résumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

|   |   | **Plaintiff** | **Defendant** |
|---|---|---|---|
| A. | Plaintiff(s): | October 1, 2004 | February 4, 2005 |
| B. | Defendant(s): | October 15, 2004 | February 25, 2005 |

4. Exchange of expert reports:

|   |   | **Plaintiff** | **Defendant** |
|---|---|---|---|
| A. | Plaintiff(s:) | November 1, 2004 | March 4, 2005 |

  **B.** **Defendant(s):** **November 15, 2004** **March 25, 2005**

5. Completion of discovery from experts:

 **Plaintiff: December 1, 2004** **Defendant: April 29, 2005**

6. Filing dispositive motions:

 **Plaintiff: January 1, 2005** **Defendant: May 27, 2005**

7. If the general outline of proposed deadlines set forth in numbers 1 - 6 does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

 **The parties recommend that these and any other deadlines be reviewed by the Court, and if necessary, revised in consultation with the parties.**

I. TRIAL

**Plaintiffs request a March, 2005 trial date.**

1. Has a demand for trial by jury been made?

 [ ] YES [ / ] NO

2. Estimate the number of days that trial will require: **5-7 days**.

J. OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

 [ ] YES [ / ] NO

1. If the answer is *yes*, please explain:

2. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? CHECK "NO" IF YOU HAVE NOT SUBMITTED PROPOSED DEADLINES.

 [ / ] YES [ ] NO

K.  ALTERNATIVE DISPUTE RESOLUTION ("ADR")

 1. Several ADR techniques are available through the court and may be helpful in your case. These include early neutral evaluation, mediation, and summary jury trial. Do the parties wish to engage in alternative dispute resolution proceedings?

    [ ] YES   [ / ] NO

    If so, identify the ADR procedure(s) to be used: **N/A**

 2. If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties who recommend ADR and the specific ADR process recommended:

L.  SETTLEMENT

 1. Please set forth what efforts, if any, the parties have made to settle this case.

    **Plaintiffs have submitted a settlement offer to all defendants, which attached reports of two environmental experts. Plaintiffs have allowed defendants access to visit and perform initial testing on the property. Defendants have considered Plaintiffs settlement proposal but are not in a position to respond to Plaintiffs' offer at this time.**

 2. Do the parties wish to have a settlement conference?

    [ / ] YES   [ ] NO

    If your answer is *yes*, at what stage of litigation would a settlement conference be most beneficial?

    **Defendants agree that a settlement conference may be beneficial after sufficient time for discovery lapses.**

    **Plaintiffs believe a settlement conference at any time with defendants' clients present would be beneficial.**

M.  CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court.

[ ] YES    [ / ] NO

Report dated June 3, 2004

_____
Attorney(s) for Plaintiff(s)